United States District Court
Southern District of Texas

**ENTERED**

July 17, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANDREW J. MULLER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-03946 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER TRANSFERRING CASE</u>

Pending before me in this action for judicial review of a final agency decision is the Defendant's Motion to Dismiss or in the Alternative Motion to Transfer to the United States Court of Federal Claims ("Claims Court"). *See* Dkt. 16. Plaintiff Andrew J. Muller ("Muller") opposes venue transfer.

It is black letter law that "the Tucker Act grants exclusive jurisdiction to the Claims Court" for non-tort claims against the federal government when the requested relief exceeds $10,000. *Amoco Prod. Co. v. Hodel*, 815 F.2d 352, 358 (5th Cir. 1987) (citing 28 U.S.C. § 1491(a)(1)). In this lawsuit, Muller seeks correction of his military service records and an order requiring the Department of the Navy to provide him a Medical Evaluation Board ("MEB")/Physical Evaluation Board ("PEB") "in order to provide a medical evaluation of record" that "would pre-date his Court-Martial Conviction." Dkt. 15 at 2–3. Muller does not dispute that a favorable MEB/PEB would result in backdated medical retirement benefits in excess of $10,000. Rather, Muller contends that this case should be not transferred because he merely seeks an order directing an MEB/PEB, as opposed to the benefits that would flow if such an order were issued and he received a favorable determination. In support of this contrived argument, Muller cites *Reaves v. United States*, 128 Fed. Cl. 196 (2016), for the proposition that *this* court may order a medical evaluation. *See* Dkt. 19 at 23. Yet, *Reaves* was transferred *to*

the Claims Court *from* a federal district court because "backdated medical retirement benefits would exceed $10,000," meaning "exclusive subject matter jurisdiction over Plaintiff's claims [wa]s vested in the Claims Court." *Reaves v. Hagel*, No. 5:12-cv-795, 2013 WL 5674981, at *8 (E.D.N.C. Oct. 17, 2013). The same result is required here. Indeed, the Fifth Circuit has expressly held "that a plaintiff cannot avoid Tucker Act jurisdiction simply by characterizing an action as equitable in nature." *Amoco Prod. Co.*, 815 F.2d at 361. District courts are required to "'pierce' the pleadings so that artful pleading does not undercut the jurisdiction of the Claims Court (that is, Congress'[s] intent in enacting the Tucker Act)." *Id.* "Where," as here, "the real effort of the complaining party is to obtain money from the federal government, the exclusive jurisdiction of the Claims Court cannot be evaded or avoided by framing a district court complaint to appear to seek only injunctive, mandatory or declaratory relief against government officials or the government itself." *Id.* (cleaned up).

Accordingly, Defendant's Motion to Transfer (Dkt. 16) is **GRANTED**, and pursuant to 28 U.S.C. § 1404(a), this case is **TRANSFERRED** to the United States Court of Federal Claims.[1]

SIGNED and ENTERED this 17th day of July 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] Because "the federal courts retain jurisdiction and proceedings in . . . federal court continue," this order is not dispositive of this case. *Arena IP, LLC v. New Eng. Patriots, LLC*, No. 4:23-cv-00428, 2023 WL 8711081, at *1 n.1 (S.D. Tex. Nov. 20, 2023) (explaining why "the better view" is that an order transferring venue is not dispositive under 28 U.S.C. § 1404(a)). As a result, I can issue this Order as opposed to a Report and Recommendation.